**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL NO. 3:12CV396-RJC-DSC**

| | |
|---|---|
| **DARRYL LONG, individually and on behalf of all other similarly situated individuals,** ) ) ) ) **Plaintiff,** ) ) ) **v.** ) ) **CPI SECURITY SYSTEMS, INC.,** ) ) **Defendant.** ) ) ) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on "Defendant's Motion to Dismiss Plaintiff's Amended Complaint" (document #24), as well as the parties' briefs and exhibits. See documents ##25 and 28. Defendant has not filed a reply brief and the time for filing a reply has expired.

On June 27, 2012, this matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion be denied, as discussed below.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On February 9, 2012, Plaintiff brought this case against Defendant CPI Security Systems, Inc. as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). On February 29, 2012, Defendant filed its Motion to Dismiss Plaintiff's Complaint. On March 26, 2012, Plaintiff filed his First Amended Complaint ("FAC"). On April 11, 2012, Defendant filed the

subject Motion to Dismiss the Amended Complaint.

At the outset, the undersigned notes that Defendant's original Motion to Dismiss is moot because an amended pleading supersedes the original pleading. Motions directed at superseded pleadings are to be denied as moot. <u>Young v. City of Mount Ranier</u>, 238 F. 3d 567, 573 (4th Cir. 2001) (amended pleading renders original pleading of no effect); <u>Turner v. Kight</u>, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint). Accordingly, the undersigned respectfully recommends that "Defendant's Motion to Dismiss ..." (document #15) be <u>denied as moot</u>.

There is no dispute that Defendant is a covered employer under the FLSA. Accepting the factual allegations of the Amended Complaint as true, Plaintiff worked for Defendant as an installation and service technician from approximately May 2007 to May 2011. During his employment, Plaintiff regularly worked more than forty hours per week without overtime compensation. Plaintiff alleges that he regularly worked five to six days per week, over eight hours per day, and averaged approximately fifty to sixty hours per week.

Plaintiff further alleges that other installation and service technicians performing similar duties (i.e., non-exempt manual labor, consisting of installing and/or servicing and repairing CPI's security systems) were improperly denied overtime pay. Specifically, Plaintiff states that he and other technicians were paid on a piece rate basis with no overtime pay.

Plaintiff defines his proposed FLSA class as follows:

> All persons who worked as an installation technician or service technician (or other job title performing similar duties) for Defendant at any time at any of Defendant's locations from three years prior to the filing of this Complaint through entry of judgment (the "FLSA Collective").

"First Amended Complaint" ¶ 22 (document #21).

Plaintiff identifies various locations for his proposed class including Raleigh, Greensboro, and Charlotte, North Carolina, Greenville, South Carolina, and Atlanta, Georgia. Plaintiff alleges that eight other individuals who worked as technicians for Defendant and were subject to the same compensation policy and denied overtime pay have joined this case as "opt-in" plaintiffs.

Defendant's Motion has been fully briefed and is ripe for determination.

## II. DISCUSSION

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009), quoting Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. 129 S. Ct. at 1951. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

3

suffice." Id. at 1951 (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true), citing Twombly, 550 U.S. at 554-55. Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1951. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id., quoting Fed. R. Civ. P. 8(a)(2). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id. at 1951-52.

### B. Overtime Pay Claim

An employer violates the FLSA if it fails to pay covered employees at least one and one-half times their normal rate for hours worked over forty hours during the workweek. 29 U.S.C. § 207(a)(1). To state an FLSA overtime claim, a plaintiff must allege that: (1) he worked overtime hours without compensation; and (2) that the employer knew or should have known that he worked overtime but failed to compensate him for it. Hawkins v. Proctor Auto Serv. Ctr., 2010 WL

4

1346416, at *1 (D. Md. Mar. 30, 2010) (citing Davis v. Food Lion, 792 F.2d 1274, 1276 (4th Cir. 1986)).

The parties dispute whether more extensive factual pleading than that set forth above is required under Twombly and Iqbal. The undersigned is persuaded that the weight of authority supports the finding that Plaintiff's overtime claim is sufficiently pled. See, e.g., Simmons v. United Mortg. & Loan Inv., LLC, 2008 WL 2277488, at *3 (W.D.N.C. May 30, 2008) (denying defendant's motion to dismiss FLSA overtime claim where plaintiff alleged that defendant failed to pay plaintiffs overtime compensation for working in excess of forty hours); Harder v. Arco Welding, Inc., 2011 WL 5599396, at *3-4 (E.D. Va. Nov. 17, 2011) (concluding plaintiff sufficiently stated FLSA claim because he alleged that he regularly worked fifty to sixty hours per week without receiving overtime pay, the time frame of his employment, and the activity he was performing during those overtime hours); Butler v. DirectSat USA, LLC, 800 F. Supp. 2d 662, 668 (D. Md. July 6, 2011) (acknowledging competing viewpoints regarding level of actual detail necessary to plead FLSA overtime claim and determining that pleading was sufficient where defendants were provided sufficient notice of the basis of plaintiffs' allegations to form a response even though the plaintiffs were unable to provide an estimate of the number of overtime hours they worked); Hawkins, 2010 WL 1346416, at *1 (finding complaint sufficient where it alleged plaintiff worked more than forty hours per week without overtime compensation). For these reasons, and the other reasons set forth in Plaintiff's brief, the undersigned respectfully recommends that Defendant's Motion to Dismiss Plaintiff's overtime pay claim be denied.

**C. Collective Class Allegations**

Defendant also seeks to dismiss Plaintiff's collective class action, contending that he failed to allege sufficient facts to support a collective class. As Plaintiff argues in his brief, the arguments that Defendant advances will be properly before the Court when Plaintiff files his motion for conditional class certification. Accordingly, the undersigned respectfully recommends that Defendant's Motion to Dismiss the Amended Complaint be <u>denied</u> in this regard as well.

### III. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that:

1. "Defendant's Motion to Dismiss ..." (document #15) be **DENIED AS MOOT**.

2. "Defendant's Motion to Dismiss Plaintiff's Amended Complaint" (document #24) be **DENIED**.

### IV. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO RECOMMENDED AND ORDERED.**

Signed: July 13, 2012

David S. Cayer
United States Magistrate Judge