UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-396-RJC-DSC

| DARRYL LONG, individually and on behalf of all other similarly situated individuals, | ) ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | **ORDER** |
| v. | ) ) | |
| CPI SECURITY SYSTEMS, INC., | ) ) | |
| Defendant. | ) ) ) | |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint, (Doc. No. 15), Defendant's Motion to Dismiss Plaintiff's Amended Complaint, (Doc. No. 24), and the Magistrate Judge's Memorandum and Recommendation, (Doc. No. 35).

## I. BACKGROUND

### A. Procedural Background

On February 9, 2012, Plaintiff Darryl Long ("Plaintiff") filed a Complaint, (Doc. No. 1), in the Eastern District of North Carolina. Plaintiff filed his Complaint individually and on behalf of all other similarly situated individuals. Defendant CPI Security Systems, Inc. ("Defendant") filed a Motion to Dismiss Plaintiff's Complaint, (Doc. No. 15), on February 29, 2012. Plaintiff filed an Amended Complaint, (Doc. No. 21), on March 26, 2012 and Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint, (Doc. No. 24), on April 11, 2012. This case was transferred from the United States District Court for the Eastern District of North Carolina to the Western District of North Carolina on June 27, 2012. On July 13, 2012, the Magistrate Judge filed a Memorandum and Recommendation ("M&R"), (Doc. No. 35), recommending that this Court dismiss Defendant's first Motion to Dismiss, (Doc. No. 15), as moot and deny Defendant's

second Motion to Dismiss, (Doc. No. 24). Defendant filed objections to the M&R on July 30, 2012, (Doc. No. 38), and Plaintiff replied on August 14, 2012, (Doc. No. 39). This matter is now ripe for adjudication.

B.  Factual Background[1]

Plaintiff worked for Defendant from May 2007 to May 2011. (Doc. No. 21: Amended Complaint at ¶ 6). During his employment, Defendant worked primarily in Raleigh, North Carolina as an installation technician and service technician. (Id. at ¶¶ 6-7). Plaintiff states that he and those similarly situated to him were, or are, employed by Defendant within three years prior to the filing of this lawsuit as installation technicians, service technicians, or other job titles performing similar duties in Greenville, South Carolina, Atlanta, Georgia and Raleigh, Greensboro and Charlotte, North Carolina. (Id. at ¶¶ 8-9, 22, 24).

Plaintiff and the similarly situated individuals were paid on a piece rate basis with no overtime pay for the hours they worked over forty (40) in a workweek. (Id. at ¶ 12). During Plaintiff's employment with Defendant, Plaintiff was paid semi-monthly and his regular rate of pay changed depending on how much he earned in piece rate pay and how many hours he worked. (Id. at ¶ 13). As an installation technician and service technician, Plaintiff regularly worked five or six days a week, over eight hours per day and was not paid for his overtime hours. (Id. at ¶ 15). Plaintiff states that Defendant is in possession of all of his payroll and time records, but Plaintiff estimates that he worked on average approximately fifty (50) to sixty (60) hours per workweek during the four years he worked for Defendant. (Id. at ¶¶ 14, 16).

---

[1] In reviewing Defendant's Rule 12(b)(6) motion, the Court accepts as true all of Plaintiff's well-pleaded allegations and views the Amended Complaint in a light most favorable to Plaintiff. See Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993).

According to Plaintiff, "Defendant was aware, or should have been aware, that Plaintiff and the similarly situated individuals performed non-exempt work that required payment of overtime compensation." (Id. at ¶ 18). Plaintiff alleges that "Defendant knew that Plaintiff and the similarly situated individuals worked overtime hours because Defendant assigned Plaintiff his work and required Plaintiff to work long hours to complete all of his job responsibilities." (Id.). Further, "Defendant kept track of Plaintiff's and other technicians' unpaid overtime hours in its time-keeping system. Defendant also had a real time GPS that showed Plaintiff was working overtime." (Id. at ¶ 19).

Plaintiff alleges that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., by failing to pay its qualified employees overtime compensation. (Id. at ¶ 31). As the direct and proximate result of Defendant's conduct, Plaintiff contends that he others similarly situated have suffered and will continue to suffer a loss of income and other damages. (Id. at ¶ 40). Plaintiff seeks liquidated damages and attorney's fees and costs. (Id.).

## II.  LEGAL STANDARD

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the

magistrate judge's proposed findings and recommendations." Id. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note).

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

## III. ANALYSIS

### A. Defendant's First Motion to Dismiss

Defendant filed two Motions to Dismiss–one directed at Plaintiff's initial Complaint and one directed at Plaintiff's Amended Complaint. It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings

4

must be dismissed as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule . . . is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also Collin v. Marconi Commerce Sys. Employees' Ret. Plan, 335 F. Supp. 2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiff's filing of the Second Amended Complaint"); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint). The Magistrate Judge's recommendation, (Doc. No. 35 at 2), is **ADOPTED** and Defendant's first Motion to Dismiss, (Doc. No. 15), is **DISMISSED as moot**.

      B.      Plaintiff's Overtime Claim

Defendant objects to the Magistrate Judge's conclusion that "the weight of the authority supports the finding that Plaintiff's overtime claim is sufficiently pled." See (Doc. No. 38 at 2) (quoting Doc. No. 35 at 5). "Specifically, Defendant objects to the M&R's application of the heightened Iqbal/Twombly standard to Plaintiff's FLSA overtime claim." (Id.).

An employer violates the FLSA if it fails to pay covered employees at least one and one-half times their normal rate for hours worked over forty hours during the workweek. 29 U.S.C. § 207(a)(1). To state a claim for unpaid overtime wages and liquidated damages under the FLSA, a plaintiff must allege that: (1) he worked overtime hours without compensation; and (2) that the employer knew or should have known that he worked overtime but failed to compensate him for it. See Davis v. Food Lion, 792 F.2d 1274, 1276 (4th Cir. 1986).

Defendant construes Plaintiff's allegations supporting his overtime claim as "scant," (Doc. No. 38 at 2), devoid of factual support, (id. at 3), "bare-bones," (id. at 4), and "vague," (id.). Defendant compares Plaintiff's allegations to those in the Florida District Court case of St.

5

Croix v. Genentech, Inc., No. 8:12-cv-891-T-33EAJ, 2012 U.S. Dist. LEXIS 86742 (M.D. Fla. June 22, 2012), where the court held that the plaintiff's allegations failed to meet the Iqbal/Twombly pleading standard. In St. Croix, the plaintiff filed a three-page complaint in which she merely stated that "[a]t all times material hereto, Plaintiff worked for Defendant in excess of forty (40) hours per work week." 2012 U.S. Dist. LEXIS 86742, at *5. The plaintiff did not provide "dates or date ranges during which she worked overtime" or factual allegations "as to the amount and extent of her work." Id.

In contrast, Plaintiff specifically alleges in his Amended Complaint that: (1) Plaintiff was employed by Defendant from approximately May 2007 to May 2011, (Doc. No. 21 at ¶ 6); (2) Plaintiff worked as an installation and service technician, performing non-exempt manual labor work such as installing, servicing and repairing Defendant's security systems, (id. at ¶ 11); (3) Plaintiff was paid on a piece rate basis with no overtime pay for the hours he worked over forty (40) per workweek, (id. at ¶ 12); (4) Plaintiff regularly worked five to six days a week, over eight hours per day without receiving overtime pay, (id. at ¶ 15); (5) Plaintiff estimates that he worked on average approximately fifty (50) to sixty (60) hour per workweek during the time frame he worked for Defendant, (id. at ¶ 16).

Plaintiff also adequately alleged that Defendant knew of the uncompensated overtime. Plaintiff alleges that "Defendant knew that Plaintiff and the similarly situated individuals worked overtime hours because Defendant assigned Plaintiff his work and required Plaintiff to work long hours to complete all of his job responsibilities." (Doc. No. 21 at ¶ 18). Further, "Defendant kept track of Plaintiff's and other technicians' unpaid overtime hours in its time-keeping system. Defendant also had a real time GPS that showed Plaintiff was working overtime." (Id. at ¶ 19).

Viewing Plaintiff's well-pleaded factual allegations as true and in the light most favorable to him, the Court finds that Plaintiff sufficiently pled allegations to support his overtime claim. See Harder v. Arco Welding, Inc., No. 3:11-cv-396, 2011 WL 5599396, at *3 (E.D. Va. Nov. 17, 2011) (concluding plaintiff sufficiently stated FLSA claim because he alleged that he regularly worked fifty to sixty hours per week without receiving overtime pay, the time frame of his employment, and the activity he was performing during those overtime hours); Butler v. DirectSat USA, LLC, 800 F. Supp. 2d 662, 668 (D. Md. July 6, 2011) (determining that pleading was sufficient where defendants were provided sufficient notice of the basis of plaintiffs' allegations to form a response even though plaintiffs were unable to provide an estimate of the number of overtime hours they worked); Davis v. Skylink LTD., No. 3:11-0094, 2011 WL 2447113, at *4 (S.D. W. Va. June 15, 2011) ("The plaintiffs need not provide a running list of specific work days for which they were not paid; it is enough that they have provided a clear factual statement charging as much."); Hawkins v. Proctor Auto Serv. Ctr., LLC, No. RWT 09cv1908, 2010 WL 1346416, at *1 (D. Md. Mar. 30, 2010) (finding complaint sufficient where plaintiff alleged that he worked more than forty hours per week without overtime compensation); Simmons v. United Mortg. & Loan Inv., LLC, No. 3:07-cv-496-MU, 2008 WL 2277488, at *3 (W.D.N.C. May 30, 2008) (Mullen, J.) (denying defendant's motion to dismiss FLSA overtime claim where plaintiff alleged that defendant failed to pay plaintiffs overtime compensation for working in excess of forty hours). The Magistrate Judge's recommendation, (Doc. No. 35 at 5), is **ADOPTED** and Defendant's Motion to Dismiss Plaintiff's overtime pay claim is **DENIED**.

    C.    <u>Plaintiff's Collective Action Allegations</u>

Defendant also objects to the Magistrate Judge's statement that "the arguments

that Defendant advances will be properly before the Court when Plaintiff files his motion for conditional class certification." (Doc. No. 35 at 6). Defendant argues that this statement "suggest[s] that Plaintiff should be allowed the benefits of discovery to determine the existence of alleged similarly situated individuals, their job duties and hours worked, and whether class certification should be obtained" without "articulating any factual basis for seeking recovery on a collective basis." (Doc. No. 38 at 5). Defendant contends that "merely seeking relief on behalf of 'similarly situated individuals' is a legal conclusion that does not satisfy Twombly and Iqbal pleading standards." (Id.). Defendant's argument is misplaced. The Court agrees with Plaintiff that, "[a]t this pleading stage, Plaintiff is not asking the Court to conclude, nor is he required to prove, that he is in fact similarly situated to other employees who meet the collective class definition identified in the [Amended Complaint]." (Doc. No. 39 at 7).

Plaintiff asserts only one claim in his Amended Complaint: violation of the FLSA for failure to pay overtime. Defendant's argument that this Court should dismiss Plaintiff's "collective action allegations," (Doc. No. 25 at 10), is inappropriate at this stage in the litigation. See Tahir v. Avis Budget Grp., Inc., 2009 WL 4911941, at *8 (D.N.J. Dec. 14, 2009) ("Defendants' attack on those portions of this Complaint that relate to the pleading of a collective action is misplaced at this stage of the litigation. Though framed as a Rule 12(b)(6) motion to dismiss, their argument in fact challenges the maintenance of this case as a collective action."). The Magistrate Judge's recommendation, (Doc. No. 35 at 6), is **ADOPTED** and Defendant's Motion to Dismiss Plaintiff's collective action allegations is **DENIED**.

## IV. CONCLUSION

Taking the well-pleaded allegations as true and viewing the Amended Complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff's Amended Complaint sufficiently

8

states a claim for unpaid overtime wages under the FLSA.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion to Dismiss Plaintiff's Complaint, (Doc. No. 15), is **DISMISSED as moot**;

2. Defendant's Motion to Dismiss Plaintiff's Amended Complaint, (Doc. No. 24), is **DENIED**; and

3. The Magistrate Judge's M&R, (Doc. No. 35), is **ADOPTED**.

Signed: August 29, 2012

Robert J. Conrad, Jr.
Chief United States District Judge