IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| DARRYL LONG, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>CPI SECURITY SYSTEMS, INC.,<br><br>Defendant. | Civil Action No. 3:12-cv-396-RJC-DSC |

### DEFENDANT'S EXPEDITED MOTION FOR ENLARGEMENT OF TIME

Plaintiff Darryl Long ("Plaintiff") filed his Motion for Conditional Class Certification and Court Authorized Notice on September 21, 2012. (Doc. No. 43). Defendant CPI Security Systems, Inc. ("CPI" or "Defendant") moves the Court for an enlargement of time to respond to Plaintiff's Motion. Defendant's response is presently due October 9, 2012. Defendant requests that this deadline be extended sixty days (60), or up to and including December 10, 2012,[1] so that it may depose the Plaintiff and nine current Opt-in Plaintiffs, whose testimony is highly relevant to whether this case is suitable for conditional certification as a collective action under the Fair Labor Standards Act ("FLSA"). Alternatively, irrespective of the Court's decision with respect to enlarging the time to allow specifically for deposing the Plaintiff and Opt-in Plaintiffs, Defendant requests at least a thirty (30) day extension, or up to and including November 8, 2012, in which to respond based on conflicts in defense counsel's schedule, the need to coordinate the defense of this case with other matters, and the need to collect additional relevant information in order to adequately respond to Plaintiff's Motion.

---

[1] The sixtieth day falls on Saturday, December 8, 2012.

## I. BACKGROUND INFORMATION

Plaintiff claims that he and similarly-situated individuals routinely worked in excess of 40 hours per week without receiving overtime compensation in violation of the FLSA. (First Amended Compl., ¶¶ 12, 15, 29.) Plaintiff alleges that he worked for CPI between May 2007 and May 2011. (Id., ¶ 6.) For unspecified periods of time during Plaintiff's three-year employment with CPI, Plaintiff worked as an "installation technician" and, during other unspecified periods of time, Plaintiff worked as a "service technician." (Id.) Plaintiff alleges that he "reported to" CPI's Raleigh, North Carolina location. (Id.) Plaintiff also alleges that he "mostly performed his job duties in the Raleigh area and areas east of Raleigh." (Id., ¶ 7.) Plaintiff seeks to conditionally certify a class of:

> All persons who worked as an installation technician or service technician (or other job title performing similar duties) for Defendant at any time at any of Defendant's locations from three years prior to the filing of this Complaint through entry of judgment (the "FLSA Collective").

(Id. ¶ 22.) Since the action was filed, nine other former "technicians" have joined this case as opt-in plaintiffs. An additional "technician" that had opted-in, subsequently elected to "opt-out" of the litigation.

## II. ARGUMENT

Defendant requests a 60-day enlargement of its deadline to respond in order to conduct the pre-certification depositions of the Plaintiff and the current nine Opt-in Plaintiffs, whose testimony is highly relevant to the issue of whether this case is suitable for conditional certification as a collective action under the FLSA. Plaintiff and the Opt-in Plaintiffs argue that despite their differing job titles, managers, and places of work they were all misclassified as exempt under the retail sales exemption to the FLSA's overtime requirement. (Doc. No. 43-1 at 14.)

In support of Plaintiff's Motion for Conditional Certification, Plaintiff submitted eight, largely-verbatim declarations. (Doc. No. 43-4.) In these declarations, Plaintiff and various putative opt-in Plaintiffs each report (in nearly identical language) their "belief" that other named employees performed similar duties as the declarant and were paid on a piece-rate basis, but none of the largely duplicative declarations contain any explanation for a basis for the declarant's purported personal knowledge. (*Id.*) Plaintiffs also rely on broad estimations of the amount of work they performed each week across periods of up to nine years. (*Id.*) Defendant should be given an opportunity to cross-examine these individuals who filed affidavits in support of Plaintiffs' Motion before the Court decides the Motion. *Cf. Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir. 1997) (discussing affidavits in support of summary judgment).

Significantly, this district has previously recognized that "pre-certification" discovery on the issue of whether or not a plaintiff is similarly-situated to the putative class which he seeks to represent in a FLSA action "betters serves the court and public interest in a speedy resolution of . . . [a] matter." *Carver v. Velocity Express Corp.*, 2008 U.S. Dist. LEXIS 35810, * 2-3 (W.D.N.C. Apr. 14, 2008) (copy attached.) Upon reaching this conclusion, the Court ordered that defendant had the opportunity to depose the plaintiffs. *Id*. at *8. Other circuits have likewise recently allowed for targeted discovery in order to better assess whether a case should be conditionally certified. *In re Wells Fargo Wage & Hour Empl. Practices Litig.*, 2012 U.S. Dist. LEXIS 112769, 7-8 (S.D. Tex. Aug. 10, 2012) (copy attached) (rejecting plaintiffs' counsel assertion that the issue of conditional certification should proceed without any discovery); *Robinson v. Ryla Teleservices, Inc.*, 2011 U.S. Dist. LEXIS 147027, 3-4 (S.D. Ala. Dec. 20, 2011) (accepting defendant's argument that in order to effectively respond to a motion for conditional certification, targeted discovery with respect to the plaintiffs was warranted.) (copy attached).

Here, Defendant believes that information gleaned from the taking of depositions of the Named and Opt-in Plaintiffs will greatly inform the Court's analysis of Plaintiff's Motion, and may avoid the significant and unnecessary expense associated with administering notice to a potential class numbering approximately 150.

**In the alternative**, Defendant requests a thirty (30) day enlargement of its deadline to respond given the significance of Plaintiff's Motion to the overall tenor of the case. Defendant needs the time to adequately respond to eight declarations filed in support of Plaintiff's Motion, to coordinate a response between Defendant and its counsel, to address scheduling conflicts related to other matters and to gather information necessary to provide a thorough response to the Court.

Additionally, Defendant's counsel has a personal conflict regarding his child's healthcare requiring his need to travel to New York on the cusp of Defendant's current due date to reply. Late on September 25, 2012, counsel was informed that a medical specialist his family had been attempting to schedule an appointment with for his son was available for October 8-9, 2012 in New York, NY. Defendant's counsel's son sustained a sports-related injury believed to have triggered a lateral curvature of the spine that is worsening over time and developing into a spinal deformity. In addition to the orthopedic and muscular changes, a side effect has been the onset of severe migraines. It could be months before another appointment becomes available allowing Defendant's counsel's family the opportunity to meet with this medical specialist.

Pursuant to Local Rule 7.1(B), the issue of extending the time to respond to Plaintiff's Motion for Conditional Certification in order for Defendant to engage in limited discovery was raised during the parties' Initial Attorney Conference on September 25, 2012 and rejected by Plaintiff's counsel.

Defendant's counsel subsequently contacted Plaintiff's counsel with respect to Defendant seeking a thirty (30) day extension upon learning that the medical specialist his family had been attempting to see for his son had an opening and after consulting with Defendant regarding the task of collecting needed information to adequately respond to the Motion. Plaintiff's counsel conditionally agreed to the requested alternative thirty (30) day extension but conditions her consent on Defendant agreeing to toll the statute of limitation. (See Exh. 1, email exchange between Defendant's counsel and Plaintiff's counsel reflecting Plaintiff's position.) Defendant outright rejects the need for tolling of the statute of limitations in this case. Plaintiff's conditional demand indicating a sudden concern with respect to the statute limitations lacks validity as Plaintiff could have filed his Motion for Conditional Certification at any time in the last seven months but elected not to do so until last Friday. Moreover, Plaintiff's counsel had previously indicated that they intended to initially focus on the merits of Defendant's FLSA 7(i) exemption defense rather than conditional certification of the case. Finally, Plaintiff's counsel's sudden apparent concern over a delay in this Court ruling on Plaintiff's Motion for Conditional Certification fails to acknowledge that individuals who wish to assert claims under the FLSA against Defendant may, upon their own initiative, file a consent to opt-in at any time and prior to court authorized notice. *See Cameron v. Maxim Healthcare Serc.*, 347 F.3d 1240, 1249 (11th Cir. 2003) (even if a Section 126(b) plaintiff can demonstrate that there are other plaintiff's similarly situated to him, she has no right to represent them). Interestingly, despite months of actively soliciting Defendant's current and former employees only a few have elected to opt-in with one opt-in subsequently opting-out.

WHEREFORE, Defendant respectfully requests that this Court enter an order GRANTING its Motion, enlarging the time that Defendant has to respond to Plaintiff's Motion for Conditional Class Certification and Court Authorized Notice until December 10, 2012, and allowing Defendant to conduct the depositions of the named Plaintiff and Opt-in Plaintiffs. In the alternative, Defendant requests a thirty (30) day enlargement of its deadline to respond to Plaintiff's Motion, making its deadline November 8, 2012.

Respectfully submitted,

CPI SECURITY SYSTEMS, INC.

By its attorneys

/s/ *Stephen D. Dellinger*
Stephen D. Dellinger, Bar No. 16609
sdellinger@littler.com
Littler Mendelson, P.C.
Bank Of America Corporate Center
100 North Tryon Street, Suite 4150
Charlotte, North Carolina 28202
Telephone: 704.972.7000
Facsimile: 704.333.4005

Joseph G. Schmitt - admitted pro hac vice
jschmitt@nilanjohnson.com
NILAN JOHNSON AND LEWIS
400 One Financial Plaza
120 South Sixth Street
Minneapolis, MN 55402
Telephone: 612.305.7500
Facsimile: 612.305.7501

*Attorneys for Defendant*
*CPI Security Systems, Inc.*

Dated: September 26, 2012

-6-

# CERTIFICATE OF SERVICE

I hereby certify that, on this 26th day of September, 2012, I caused the foregoing **DEFENDANT'S EXPEDITED MOTION FOR ENLARGEMENT OF TIME** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Rachhana T. Srey, Esq.
Email: srey@nka.com
Paul J. Lukas, Esq.
Email: lukas@nka.com
NICHOLS KASTER, PLLP
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200

*Attorneys for Plaintiff*

Seth R. Cohen, Esq.
Email: ssjrclaw@earthlink.net
Smith, James, Rowlett & Cohen, L.L.P.
101 South Elm Street, Suite 310
Greensboro, NC 27402
Telephone: (336) 274-2992

*Attorneys for Plaintiff and the Similarly Situated*

/s/ *Stephen D. Dellinger*
Stephen D. Dellinger, Bar No. 16609
sdellinger@littler.com
Littler Mendelson, P.C.
Bank Of America Corporate Center
100 North Tryon Street, Suite 4150
Charlotte, North Carolina 28202
Telephone: 704.972.7000
Facsimile: 704.333.4005

*Attorneys for Defendant*
*CPI Security Systems, Inc.*

Firmwide:114749907.1 058785.1011