IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| DARRYL LONG, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>CPI SECURITY SYSTEMS, INC.,<br><br>Defendant. | Civil Action No. 3:12-cv-396-RJC-DSC<br><br>**DEFENDANT'S EXPEDITED MOTION FOR ENLARGEMENT OF TIME** |

## EXHIBIT 1

# Dellinger, Stephen D.

**From:** Dellinger, Stephen D.
**Sent:** Thursday, September 27, 2012 12:49 PM
**To:** 'Srey, Rachhana'
**Cc:** Joseph G. Schmitt (jschmitt@nilanjohnson.com); Jamison, Serina; Lukas, Paul
**Subject:** RE: Long v. CPI

Rachhana,

Thank you for your response. Upon reflection, while I appreciate your conditional agreement with respect to a 30-day extension, Defendant does not consent to a tolling agreement nor does it believe a tolling of the statute of limitations is warrant in this situation. Plaintiff elected to wait months before filing his Motion for Conditional Certification and the sudden "time is of the essence" concern appears contrived.

With respect to the your desire to conduct a Rule 26(f) conference in July and engage in discovery, Defendant rejected the overture because it was premature. At the time, the Court had not issued its final ruling with respect to Defendant's Motion to Dismiss. Moreover, at the time of this discussion, Plaintiff had not filed a Motion for Conditional Certification and we understood that Plaintiff's approach to the litigation would focus primarily on the merits of the 7(i) exemption and not necessarily whether Plaintiff was similarly situated to the putative class he seeks to represent.

Although not required by LCvR 7.1, I will honor your request and attach your email to Defendant's Motion.

Sincerely,

Steve

**Stephen Dellinger,** Shareholder
704.972.7010 direct   704.497.7027 mobile   704.333.4005 fax   SDellinger@littler.com
Bank of America Corporate Ctr, 100 North Tryon Street, Suite 4150 | Charlotte, NC 28202

 | littler.com
Employment & Labor Law Solutions Worldwide

**From:** Srey, Rachhana [mailto:srey@nka.com]
**Sent:** Wednesday, September 26, 2012 7:43 PM
**To:** Dellinger, Stephen D.
**Cc:** Joseph G. Schmitt (jschmitt@nilanjohnson.com); Jamison, Serina; Lukas, Paul
**Subject:** RE: Long v. CPI

Steve,

I'm really sorry to hear about your son, and we will of course agree to a 30-day extension for Defendant to file a response to our motion so that you can attend to your personal issues. I assume that you'll agree to a 30-day tolling agreement for the extension that we are granting.

However, Plaintiff will not agree to grant an extension of time to respond to our motion if the grounds for that motion are to delay the motion so that Defendant can take depositions of Plaintiff and Opt-in Plaintiffs. Defendant is not entitled to delay Plaintiff's motion in order to engage in discovery. Because courts do not weigh the merits of Plaintiff's claims on a motion for conditional certification, resolve factual disputes, or make credibility determinations, discovery is simply unnecessary. See Brasfield v. Source Broadband Servs.,

1

2008 WL 2697261, at *2 (W.D. Tenn. June 3, 2008) (denying defendant's motion to extend deadline to respond to a motion for conditional certification because "the leniency of Plaintiffs' burden at this first procedural stage renders even initial discovery unnecessary).

Further, as the employer in this situation, Defendant already has in its possession information it needs to respond to Plaintiff's motion. In fact, I understand from my prior meeting in mid-May 2012 with Joe Schmitt that Defendant is already in possession of dozens of declarations from currently employed technicians and intends to use these declarations to oppose Plaintiff's motion for conditional certification. It was clear to me from this meeting that Defendant has been preparing its response to a motion for conditional certification since at least mid-May.

Finally, as you know, I tried to get this case going back in **July** and in fact requested Defendant to conduct a Rule 26(f) discovery so that we may begin discovery. In response, Defendant stated that it was not interested in conducting the Rule 26(f) conference and beginning discovery. It is only now after we have already filed our motion for conditional certification that Defendant seems to want to gain some tactical advantage by conducting unnecessary discovery and delaying a ruling on the motion. Any delay on a ruling on Plaintiff's motion is unfair and prejudicial to opt-in Plaintiffs as their statute of limitations continues to run until they are notified of the lawsuit and opt-in.

I would appreciate it if you attach this email to any motion for enlargement of time that you may file so that my position on an extension request is clear. Please let me know if you have any questions.

Thank you.

Rachhana T. Srey
Attorney
Nichols Kaster, PLLP
80 South 8th Street, Ste. 4600
Minneapolis, MN 55402
Tel: (612) 256-3239
Fax: (612) 215-6870
srey@nka.com
www.nka.com
www.overtimecases.com

**From:** Dellinger, Stephen D. [mailto:SDellinger@littler.com]
**Sent:** Wednesday, September 26, 2012 5:25 PM
**To:** Srey, Rachhana
**Cc:** Joseph G. Schmitt (jschmitt@nilanjohnson.com)
**Subject:** Long v. CPI

Rachhana,

I know we briefly discussed yesterday during the IAC Defendant seeking an enlargement of time to respond to Plaintiff's Motion for Conditional Certification in order for Defendant to conduct depositions of the Plaintiff and Opt-ins and your opposition to such a motion. As I indicated, we were still evaluating our options with respect to seeking an enlargement of time to respond and upon further reflection, we are filing a motion seeking to extend the time to respond by 60 days in order to depose the Plaintiff and Opt-Ins. I will reflect your opposition to such an extension in the motion pursuant to Local Rule 7.1(B).

Unrelatedly, following our IAC yesterday, my wife informed me that a medical specialist we have been attempting to get an appointment with for our son in New York had call regarding an opening in his calendar that will allow him to see my son on October 8 and 9. My son sustained a sports-related injury that triggered a lateral curvature of the spine that is worsening over time and developing into spinal deformity causing an ever increasing malformation of his shoulders and trunk. In addition to the orthopedic and muscular changes, a side effect has been the onset of server migraines. It will likely be months before another appointment becomes available that will allow us to travel to New York. Internally, we were already discussing seeking a limited extension with our client so that we can adequately respond to your client's motion and upon reviewing calendars and conflicts; coupled with opening of the sought after medical appointment, we are seeking, in the alternative, a 30-day extension of time to respond, irrespective of seeking the 60 days. Since we did not specifically discuss a 30-day extension, I am seeking your position on a 30-day extension.

I intend to file the motion tomorrow morning as I need to finalize arrangements regarding my son's appointment. In the event I do not hear back from you before filing the motion, I will so state. Upon receiving your response I will so notify the Court of your position to the alternative 30-day extension.

Steve

**Stephen Dellinger,** Shareholder
704.972.7010 direct   704.497.7027 mobile   704.333.4005 fax   SDellinger@littler.com
Bank of America Corporate Ctr, 100 North Tryon Street, Suite 4150 | Charlotte, NC 28202

 | littler.com
Employment & Labor Law Solutions Worldwide

----

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this document (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

To reply to our email administrator directly, send an email to postmaster@littler.com

Littler Mendelson, P.C.
http://www.littler.com