IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIV. NO.: 3:12-CV-00396-RJC-DSC

Darryl Long, individually and behalf of all
other similarly situated individuals,

   Plaintiff,

v.

CPI Security Systems, Inc.

   Defendant.

CERTIFICATION AND REPORT OF
FED. R. CIV. 26(f) CONFERENCE
AND DISCOVERY PLAN

---

1. <u>Certification of Conference.</u> Pursuant to Fed. R. Civ. P. 26(f), an initial meeting was held on Tuesday, September 25, 2012, by telephone and was conducted by the undersigned counsel for the designated parties in the above- captioned case. Thereafter, counsel exchanged versions of their respective positions as set forth below.

2. <u>Pre-Discovery Disclosures.</u> The information required by Fed. R. Civ. P. 26(a)(1) will be exchanged by **October 9, 2012**.

3. <u>Discovery Plan.</u> The parties disagree on the proposed discovery plan for this case. Each party's position is set forth below.

  A. **Plaintiff's position:** *All* discovery shall be commenced in time to be completed by **April 25, 2013, or within sixty (60) days after the Court's decision on conditional class certification, whichever is later**.

  Plaintiff's Motion for Conditional Class Certification and Court-Authorized Notice was filed on September 21, 2012. On September 27, 2012, Defendant filed a motion to enlarge the deadline for its response to Plaintiff's motion. Plaintiff opposed a 60-day extension in light of the lenient standard applied to motions for conditional certification and the fact that Plaintiff had already agreed to a 30-day extension. The Court entered an Order on September 28, 2012, granting Defendant's motion, enlarging Defendant's response deadline to December 8, 2012, and allowing Defendant to conduct limited discovery on the Named and Opt-in Plaintiffs. (ECF No. 45.) Given this Order, Plaintiff's position on discovery is as follows:

- Although the Court has allowed Defendant extra time to respond to Plaintiff's motion, discovery has not been, and should not be, bifurcated into a "precertification" phase followed by a "merits" phase. See Blaney v. Charlotte-Mecklenburg Hosp. Auth., No. 3:10-cv-592 (W.D.N.C. Feb. 1, 2011) (Whitney, J.) (ECF No. 15 at 2) (setting a single deadline for the completion of "all" discovery and rejecting the parties' request to conduct discovery in a "notice" phase followed by a "merits" phase). In a wage and hour case such as this, discovery related to whether Plaintiff is "similarly situated" to putative class members will necessarily overlap with the merits of the case (e.g. whether plaintiffs worked unpaid overtime hours).

1

- Any depositions the parties wish to take—whether before or after conditional certification—are subject to the limitations set forth in Fed. R. Civ. P. 30(d)(2) (limiting oral deposition of any witness to one day of seven hours). See Blaney, No. 3:10-cv-592 (ECF No. 15 at 3 n. 3) (requiring the parties to follow Rule 30(d)(2) for depositions);

- Any depositions of "Opt-in" Plaintiffs shall be conducted near a city where the Opt-in Plaintiff lives and works or worked for Defendant. See, e.g., Smith v. Family Video Movie Club, Inc., 2012 WL 4464887, at *2 (N.D. Ill. Sept. 27, 2012) (concluding that requiring the opt-in plaintiffs to travel to the forum judicial district would be burdensome and would undermine the benefits of a collective action); Brasfield v. Source Broadband Servs., LLC, 255 F.R.D. 447, 450 (W.D. Tenn. 2008) (recognizing that the traditional rule requiring opt-in plaintiffs to appear in the forum district for depositions should not apply to an FLSA collective action); Fiore v. Goodyear Tire & Rubber Co., 2010 WL 4537750 (M.D. Fla. Nov. 3, 2010) ("forcing an out of state opt-in plaintiff to travel hundreds of miles to take a deposition would undermine the purpose of this collective action, and effectively destroy any benefits gained by proceeding as a class under the [Fair Labor Standards Act] FLSA"). Plaintiff is willing to travel to Raleigh, North Carolina, or Defendant's other locations in Georgia and South Carolina for any manager depositions they take; and

- For efficiency sakes and Plaintiff's and his counsel's convenience, depositions of Opt-in Plaintiffs who located near each other (i.e. Raleigh versus Charlotte) should be taken on consecutive days.

**Defendant's Position:** Assuming this case is not conditionally certified as a collective action, all discovery shall be commenced in time **to be completed by May 25, 2013**.

Defendant has until December 8, 2012 to respond to Plaintiff's September 21, 2012 Motion for Conditional Class Certification. (Doc. Nos. 43; 45). Should this Court conditionally certify this case as a collective action, the parties will confer again and file a revised discovery plan. See Blaney v. Charlotte-Mecklenburg Hosp. Auth., No. 3:10-cv-592 (W.D.N.C. Feb. 1, 2011) (Whitney, J.) (Doc. No. 15 at 1 n.1) (providing for parties to file motions to amend pretrial scheduling order after Court's ruling on collection action certification, ultimately, however, the Court rejected conditional certification and the parties settled).

Courts typically follow a two-set approach bifurcation process when deciding whether the named plaintiff is similarly situated to potential plaintiffs for purposes of certifying a collective action. Blaney, No. 3:10-cv-592 (Mullen, J.) (Doc. No. 67 at 5) (citing, Purdham v. Fairfax Cnty. Pub. Sch., 629 F.Supp. 2d 544,547 (E.D. Va. 2009)). The first state, often referred to as the "notice stage," a determination is made whether or not the case should be conditionally certified and notice given to potential class members. Id. If conditional certification is granted, discovery proceeds on the merits of the underlying claims and once most of the discovery has occurred, the defendant can trigger the second stage of the inquiry moving to "decertify" the class. Id.[1]

---

[1] Although the Court did not explicitly bifurcate discovery in Blaney, the scheduling order implicitly did so anticipating the two-step analysis. Blaney, No. 3:10-cv-592 (Mullen, J.) (Doc. No. 67 at 8). "Specifically, the Court adopted the parties' proposed deadline for the Certification Motion, which necessarily anticipated that a truncated period of discovery would occur prior to the Motion being due . . . ." Id. "Furthermore, the Court scheduled a hearing on the Certification Motion with ample time for the Court to decide whether to conditionally certify the class or not, prior to the close of discovery." Id. This position was confirmed in email correspondence between counsel for the parties

2

With respect to the Ordered pre-certification depositions, Defendant is sending notices of deposition to occur at a convenient time and date for all parties between October 22, 2012 and November 16, 2012. The time spent in these depositions should not be counted toward the seven hours Defendant is permitted in merits discovery depositions, should such depositions become necessary. Defendant is committed to taking only that discovery permitted by the Magistrate Judge to adequately respond to Plaintiff's Motion for Conditional Certification and believes that 4.5 hours of testimony for each deposition will be sufficient for this purpose. Defendant would be forced to address merits issues at this stage if its deposition time were to be deducted from the usual seven hours allotted for merits discovery depositions.

B. Discovery Limits: The parties disagree on the discovery limits that are appropriate for this case. Each party's position is set forth below.

1. **Plaintiff's Position:** Plaintiff's position is that discovery in this case should be limited to a "representative" sample if this case is certified as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b). In the FLSA context, courts routinely allow representative discovery. See, e.g., Smith v. Family Video Movie Club, Inc., 2012 WL 4464887, at *2 (N.D. Ill. Sept. 27, 2012) (concluding that individualized discovery would be unduly burdensome and wasteful of the parties' and court's resources); Russell v. Ill. Bell Tel., 2009 WL 1209025, at *1 (N.D. Ill. Apr. 30, 2009) (allowing the defendant to depose 39 of 522 FLSA opt-in plaintiffs); Cranney v. Carriage Svcs., Inc., 2008 WL 2457912 at *3 (D. Nev. June 16, 2008) ("Permitting the full scope of discovery… would undermine the purpose of conditionally certifying a collective action…."); Prentice v. Fund for Public Interest Research, Inc., 2007 WL 2729187, at *5 (N.D. Cal. Sept. 18, 2007) (stating "individualized discovery is rarely appropriate in FLSA collective actions"); McGrath v. City of Philadelphia, 1994 WL 45162, at *2-3 (E.D. Pa. Feb. 10, 1994) (finding individualized discovery inappropriate in FLSA class actions as "to allow such discovery would only serve to obfuscate the issues and drastically enhance the costs of litigation").

Plaintiff proposes limiting written discovery and depositions to fifteen percent (15%) of the opt-in class, mutually selected by the parties. Plaintiff proposes a maximum of 25 interrogatories and 25 requests for admissions per side.

2. **Defendant's Position:** Defendant intends to immediately conduct the **10** depositions on the conditional certification issue with the Named and Opt-in Plaintiffs as permitted by the Magistrate Judge. (Doc. No. 45). Should additional persons opt-in this case following the issuance of the Scheduling Order and prior to the Court ruling on Plaintiff's Motion for Conditional Certification, Defendant should be permitted to conduct such depositions on the issue of conditional certification consistent with the limitations set forth above.

These depositions should be held in Charlotte, North Carolina. Medsker v. Feingold, No. 04-81025-CIV-ZLOCH, 2009 U.S. Dist. LEXIS 34403, *3-4 (S.D. Fla. Apr. 6, 2009) ("By Plaintiffs' instant Motion For A Protective Order (DE 82), they also seek in part an Order from this Court determining the location of the depositions of Plaintiffs. While Plaintiffs filed this action in Virginia, it was transferred to this Court for want of venue. Thus, the Court finds that taking the depositions of Plaintiffs in the forum where this action is pending, the Southern District of Florida,

---

and the judge's law clerk, which stated in pertinent part: "[I]t has come to our attention that …. the case management order may need to be amended to include a final certification of collective action after the close of 'Merits Discovery.'" Id. (internal citations omitted.)

3

is consistent with the general rule of depositions of plaintiffs.") While this action was originally brought in the Eastern District of North Carolina, that court transferred it to the Western District "for the convenience of the parties and witnesses and . . . in the interests of justice." (Doc. No. 30). Charlotte serves as Defendant's headquarters and the home office of seven of the ten Named and Opt-in Plaintiffs. Holding the other plaintiffs' depositions at their respective home offices would also frustrate Plaintiff's stated goal of efficiently taking these depositions on consecutive days.

Should this Court conditionally certify this case as a collective action, the parties will confer again and file a revised discovery plan. Blaney, No. 3:10-cv-592 (W.D.N.C. Feb. 1, 2011) (Whitney, J.) (Doc. No. 15 at 1 n.1). Even then, if, as Defendant anticipates, few other Opt-in Plaintiffs join this action, Defendant should be permitted to depose and serve written discovery on each Named and Opt-in Plaintiff. Coldiron v. Pizza Hut, Inc., No. CV 03-05865, 2004 WL 2601180, at *2 (C.D. Cal. Oct. 25, 2004) (allowing individualized discovery on each of 306 opt-in plaintiffs where defendant intended to oppose certification); Krueger v. N.Y. Telephone Co., 163 F.R.D. 446 (S.D.N.Y. 1995) (allowing interrogatories on all 162 opt-in plaintiffs because such a class is a "relatively small group . . . each of whom has freely chosen to participate and each of whom has relevant information with respect to the claims and defenses in this action"); Rosen v. Reckitt & Colman, Inc., No. 91-cv-1675, 1994 WL 652534, at *1, 4 (S.D.N.Y. Nov. 17, 1994) (allowing depositions on each opt-in plaintiff in class of 50 to 100); Kaas v. Pratt & Whitney, No. 89-8343, 1991 WL 158943, at *2, 5 (S.D. Fla. Mar. 18, 1991) (allowing interrogatories, requests for production, and depositions on each of "the approximately one hundred members of the class."); Brooks v. Farm Fresh, Inc., 759 F. Supp. 1185, 1188 (E.D. Va. Feb. 21, 1991) (allowing depositions on each of the 127 opt-in plaintiffs). The maximum size of the potential putative class, approximately 150, is certainly manageable and similar in size to the above authorities.

Alternatively, Defendant proposes that the issue of establishing a representative sampling of the class should only be addressed and determined if the Court grants conditional certification and should be based upon the number of actual persons opting in and not based upon a theoretical percentage of a theoretical class. See Rosen, No. 91-cv-1675, 1994 WL 652534, at *1, 4 (allowing depositions on 100% of opt-in plaintiffs in class of 50 to 100); Kaas, No. 89-8343, 1991 WL 158943, at *2, 5 (allowing depositions on 100% of "the approximately one hundred members of the class."); Brooks, 759 F. Supp. at 1188 (allowing depositions on 100% of the 127 opt-in plaintiffs). In any event, even if this Court were to utilize a representative sample approach, Defendant should still be permitted to serve written discovery on all individuals who join this suit. Morgan v. Family Dollar Stores, 551 F.3d 1233, 1239, 1244 (11th Cir. 2008) (allowing depositions on 250 of the 1,424 opt-in plaintiffs and 25 written interrogatories on each opt-in plaintiff).

Defendant requests **25** interrogatories and **25** requests for admissions **for each Named and Opt-in Plaintiff**. Morgan, 551 F.3d at 1244 (allowing 25 interrogatories on each Opt-in Plaintiff).

C. With respect to expert reports under Rule 26(a)(2), the parties agree to meet and confer on this aspect of the Scheduling Order on or before fourteen (14) days after the Court decides Plaintiff's Motion for Conditional Class Certification and Court-Authorized Notice.

4. Other Items.

    a) **Plaintiff's position:** Plaintiff **requests** a conference with the court before entry of the scheduling order.

4

**Defendant's Position:** Defendant believes such a use of judicial resources would be better served by postponing such a conference until after the Court rules on Plaintiff's Conditional Certification Motion.

b) The parties disagree as to when all potentially dispositive motions should be filed and set forth each of their positions below:

**Plaintiff's Position:** All potentially dispositive motions, including any decertification motions, should be filed by **June 24, 2013**.

**Defendant's Position:** All potentially dispositive motions should be filed by **June 24, 2013** if this case is not conditionally certified as a collective action. Should this Court conditionally certify this case as a collective action, the parties will confer again and file a revised discovery plan listing deadlines for the Defendant's decertification motion and dispositive motions. Blaney, No. 3:10-cv-592 (W.D.N.C. Feb. 1, 2011) (Whitney, J.) (Doc. No. 15 at 1 n.1).

c) Settlement:

**Plaintiff's Position:** The parties believe that the prospect of settlement is unlikely at this stage of the litigation.

**Defendant's Position:** Defendant recommends setting a date for a mediated settlement conference on **August 23, 2013**.

d) Final lists of witnesses and exhibits under Rule 26(a)(3) should be scheduled during the same conference the parties propose to conduct after the Court decides Plaintiff's Motion for Conditional Class Certification and Court-Authorized Notice. See supra Paragraph 3(C).

e) If the case is ultimately tried, trial is expected to take approximately five (5) days.

f) The parties have discussed the issue of consent to the jurisdiction of a U.S. Magistrate Judge and do not voluntarily or unanimously consent to exercise such jurisdiction.

Dated: October 4, 2012

s/Rachhana T. Srey
Paul J. Lukas, MN Bar No. 22084X
Rachhana T. Srey, MN Bar No. 340133
**Nichols Kaster, PLLP**
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Tel: (612) 256-3200
Fax: (612) 215-6870
lukas@nka.com
srey@nka.com

Seth R. Cohen, NC Bar No. 18134
**Smith, James, Rowlett & Cohen, L.L.P.**

5

>
> 101 South Elm Street, Suite 310
> Greensboro, NC 27402
> Tel: (336) 274-2992
> Fax: (336) 274-8490
> sjrclaw@earthlink.net
> *Local Civil Rule 83.1 Counsel*
>
> ATTORNEYS FOR PLAINTIFF

Dated: October 4, 2012

> s/Stephen D. Dellinger
> Stephen D. Dellinger, Bar No. 16609
> **Littler Mendelson, P.C.**
> Bank of America Corporate Center
> 100 North Tryon Street, Suite 4150
> Charlotte, NC 28202
> Tel: (704) 972-7000
> Fax: (704) 333-4005
> sdellinger@littler.com
>
> Joseph G. Schmitt
> *Admitted pro hac vice*
> **Nilan Johnson and Lewis**
> 400 One Financial Plaza
> 120 South Sixth Street
> Minneapolis, MN 55402
> Tel: (612) 305-7500
> Fax: (612) 305-7501
> jschmitt@nilanjohnson.com
>
> ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document and exhibit has been filed wih the Clerk of Court on October 4, 2012 by using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                          s/Rachhana T. Srey
                                                          Rachhana T. Srey