# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:12-CV-00396-RJC-DSC

| | |
|---|---|
| **DARRYL LONG, individually and on behalf of all other similarly situated individuals,** )<br>)<br>)<br>)<br>**Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**CPI SECURITY SYSTEMS, INC.,** )<br>)<br>**Defendant.** ) | **MEMORANDUM AND RECOMMENDATION AND ORDER** |

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss for Failure to Participate in Discovery," doc. 63, filed January 22, 2013, and the parties' associated briefs and exhibits. See Docs. 64, 69, 70 and 71.

This Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1), and is now ripe for the Court's consideration. On February 26, 2013, "Defendant's Motion to Strike Declarations," doc. 53, was referred to the undersigned and is also ripe for the Court's consideration.

## I. MOTION TO STRIKE

The Court has carefully examined the record, the parties' arguments, and the applicable authorities. For the reasons stated in Defendant's "Memorandum in Support of Defendant's Motion to Strike Declarations," doc. 54, the Court will **GRANT** Defendant's Motion and strike the declarations of Blake Nash and James Berish from Plaintiff's Motion for Conditional Class Certification.

## II. MOTION TO DISMISS

District courts have the authority to dismiss cases under Federal Rule of Civil Procedure 37(b)(2)(A) when a party fails to comply with a discovery order, as well as under Rules 37(d) and 41(b) as part of the courts' "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse." Chambers v. NASCO, Inc., 501 U.S. 32, 62, (1991). Rule 37(b) provides that the court may "dismiss[ ] the action or proceeding in whole or in part" if a party "fails to obey an order to provide or permit discovery." Fed.R.Civ.P. 37(b)(2)(A)(v). Likewise, Rule 37(d) provides that the court may order sanctions, including dismissal, if "a party... fails, after being served with proper notice, to appear for that person's deposition." Fed.R.Civ.P. 37(d)(1)(A)(i), (d)(3). Further, Rule 41(b) provides that the court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed.R.Civ.P. 41(b)

Dismissal with prejudice is ordinarily reserved for the most egregious cases. Sadler v. Dimensions Health Corp., 178 F.R.D. 56, 59 (D.Md.1998) (citing Dove v.Codesco, 569 F.2d 807, 810 (4th Cir.1978). Indeed, "only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, [should] result in the extreme sanction of dismissal or judgment by default." Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir.1989). To that end, before ordering dismissal under Rule 37(b) or (d), the court applies a four-factor test: "(1) whether the non-complying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective." Belk v. Charlotte Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir. 2001).

The Fourth Circuit has also held that district courts must provide an explicit and clear warning to a party that failure to comply may result in dismissal of that party's case with prejudice. Hathcock v. Navistar Int'l Transportation Corp., 53 F.3d 36, 40–41 (4th Cir.1995) ("this court has emphasized the significance of warning a defendant about the possibility of default [under Rule 37] before entering such a harsh sanction"); Choice Hotels Int'l, Inc. v. Goodwin & Boone, 11 F.3d 469, 471 (4th Cir.1993) (party in case involving possible dismissal under Rule 41 "is entitled to be made aware of this drastic consequence of failing to meet the court's conditions at the time the conditions are imposed, when he still has the opportunity to satisfy the conditions and avoid it").

The undersigned finds that Plaintiffs have not previously been warned about the consequences of dismissal and that dismissal would be too severe a sanction at this time. Consequently, the undersigned respectfully recommends that the Motion be DENIED. However, the Court warns Plaintiffs and their counsel that any failure to comply fully with Defendant's discovery requests, any of the Court's Orders, the Local Rules, or the Rules of Civil Procedure going forward with this case may result in the imposition of sanctions, **which may include dismissal of the Complaint with prejudice**.

With regard to Plaintiff Mika Elliott, an Opt-in Plaintiff who has indicated his desire to withdraw from the lawsuit, the undersigned respectfully recommends that his claims be dismissed without prejudice.

### III.     ORDER

IT IS ORDERED that "Defendant's Motion to Strike Declarations," doc. 53, is GRANTED.

## IV. RECOMMENDATION

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that Plaintiff Mika Elliott's claims be dismissed without prejudice and that "Defendants' Motion to Dismiss for Failure to Participate in Discovery," doc. 63, be DENIED.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the parties' counsel; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED**.

Signed: March 20, 2013

David S. Cayer
United States Magistrate Judge