UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-396-RJC-DSC

| | |
|---|---|
| DARRYL LONG, individually and on behalf of all other similarly situated individuals, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) **ORDER** ) |
| CPI SECURITY SYSTEMS, INC., | ) ) ) |
| Defendant. | ) ) |

**THIS MATTER** comes before the Court on Defendant CPI Security Systems, Inc.'s Motion to Dismiss for Failure to Participate in Discovery, (Doc. No. 63), and the Magistrate Judge's Memorandum and Recommendation ("M&R") recommending that this Court deny Defendant's Motion, (Doc. No. 73).

## I. BACKGROUND

Defendant filed a Motion to Strike, (Doc. No. 53), and a Motion to Dismiss for Failure to Participate in Discovery, (Doc. No. 63), because two of the opt-in plaintiffs refused to be deposed. For the reasons stated in Defendant's Memorandum in Support, (Doc. No. 54), the Magistrate Judge granted Defendant's Motion to Strike the declarations of opt-in plaintiffs Blake Nash and James Berish. (Doc. No. 73 at 1). The Magistrate Judge recommended denial of Defendant's Motion to Dismiss for Failure to Participate in Discovery, however, finding that dismissal without a prior warning would be too severe a sanction. (Id. at 3).

## II. STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a

1

magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note).

## III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. FED. R. CIV. 72(b). Here, neither party objected to the Magistrate Judge's recommendation that this Court deny Defendant's Motion to Dismiss for Failure to Participate in Discovery. Thus, the parties have waived their right to de novo review of the disposition of Defendant's Motion. Nevertheless, this Court has conducted a full and careful review of the M&R and other documents of record and, having done so, hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved.

Therefore, Defendant's Motion to Dismiss, (Doc. No. 63), is **DENIED**.

The only objection of record here is Plaintiff's objection to the Magistrate Judge's statement warning "Plaintiffs and their counsel that any failure to comply fully with Defendant's discovery requests, any of the Court's Orders, the Local Rules, or the Rules of Civil Procedure going forward with this case may result in the imposition of sanctions, **which may include dismissal of the Complaint with prejudice**." (Doc. No. 73 at 3) (emphasis in original). Plaintiff objects to, and seeks clarification of, the M&R "to the extent it recommends that the entire Complaint (along with the claims of non-offending opt-in Plaintiffs) could be dismissed with prejudice due to the actions of a single offending opt-in Plaintiff." (Doc. No. 2-3). Plaintiff argues that "[t]his recommendation should not be adopted because it is overbroad, overly harsh, and contrary to the purpose of the FLSA's collective action mechanism." (Id. at 3).

District courts have the authority to dismiss cases under Federal Rule of Civil Procedure 37(b)(2)(A) when a party fails to comply with a discovery order, as well as under Rules 37(d) and 41(b) as part of the courts' "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse." <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 62, (1991). Rule 37(b) provides that the court may "dismiss[ ] the action or proceeding in whole or in part" if a party "fails to obey an order to provide or permit discovery." FED. R. CIV. P. 37(b)(2)(A)(v). Likewise, Rule 37(d) provides that the court may order sanctions, including dismissal, if "a party . . . fails, after being served with proper notice, to appear for that person's deposition." FED. R. CIV. P. 37(d)(1)(A)(i), (d)(3). Further, Rule 41(b) provides that the court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b).

In his Response to Defendant's Motion to Dismiss, Plaintiff argued that the Court could "not dismiss a party's claims as a discovery sanction unless the court has previously issued an 'explicit and clear' warning that failure to meet certain conditions could result in dismissal." (Doc. No. 69 at 11). The Magistrate Judge agreed, stating in his M&R that "Plaintiffs have not previously been warned about the consequences of dismissal and that dismissal would be too severe a sanction at this time." (Doc. No. 73 at 3). The Magistrate Judge then warned Plaintiffs and their counsel of a potential sanction allowed under the Federal Rules of Civil Procedure. (Id.). Plaintiff's objection to this warning comes on the heels of the Magistrate Judge's order granting Defendant's Motion to Strike the declarations of two opt-in plaintiffs for their refusal to be deposed. (Doc. No. 74). The Court finds that the Magistrate Judge fairly warned Plaintiff and the opt-in plaintiffs of a potential sanction should they continue to obstruct discovery, and Plaintiff's objection is overruled.

The Court agrees with the Magistrate Judge's well-reasoned M&R and **ADOPTS** the recommendation of the Magistrate Judge as its own.

IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that the Magistrate Judge's M&R, (Doc. No. 73), is **ADOPTED** and Defendant's Motion to Dismiss, (Doc. No. 63), is **DENIED.**

Signed: May 17, 2013

Robert J. Conrad, Jr.
Chief United States District Judge

4