| | |
|---|---|
| **DARRYL LONG, individually and** ) | |
| **on behalf of all other similarly situated** ) | |
| **individuals,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **ORDER** |
| **v.** ) | |
| ) | |
| **CPI SECURITY SYSTEMS, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ────────────────────────────── ) | |

      **THIS MATTER** comes before the Court on Defendant CPI Security Systems, Inc.'s

("Defendant" or "CPI") Motion for Certification of Interlocutory Appeal of Order Granting

Conditional Certification.  (Doc. No. 79).  For the reasons set forth herein, Defendant's Motion is

**DENIED**.

## I.      BACKGROUND

      By Order dated May 17, 2013, this Court granted Plaintiff Darryl Long's Motion for

Conditional Class Certification and Court Authorized Notice under the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 216(b).  (Doc. No. 76).  On May 30, 2013, Defendant filed the instant

Motion for Certification of Interlocutory Appeal of the Court's May 17 Order.  (Doc. No. 79).

Plaintiff responded on June 17, 2013, (Doc. No. 82), and Defendant replied on June 27, 2013,

(Doc. No. 84).  This matter is now ripe for disposition.

## II.      STANDARD OF REVIEW

      Under 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal

if (1) the order involves a controlling question of law, (2) about which there is substantial ground

for difference of opinion, and (3) immediate appeal would materially advance the termination of the litigation. <u>Montgomery v. Johnson</u>, No. 7:05CV00131, 2008 WL 5422866, at *1 (W.D. Va. Dec. 30, 2008) (citing 28 U.S.C. § 1292(b)). "Such certifications are the exception and not the rule, because they depart from the well-established policy limiting appeals to final judgments." <u>Id.</u>; <u>see</u> <u>City of Charleston v. Hotels.Com, LP</u>, 586 F. Supp. 2d 538, 542 (D.S.C. 2008) (explaining that "certification of an interlocutory appeal should generally be limited to extraordinary cases where significant effort and expense would be spared by appellate review prior to the entry of final judgment"). The Fourth Circuit has warned that Section 1292(b) "should be used sparingly" and that the three procedural requirements "must be strictly construed." <u>Myles v. Laffitte</u>, 881 F.2d 125, 127 (4th Cir. 1989); <u>see also</u> <u>Coopers & Lybrand v. Livesay</u>, 437 U.S. 463, 475 (1978) (recognizing that use of § 1292(b) is reserved for "exceptional circumstances [that] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment" (internal quotation marks omitted)).

## III.    DISCUSSION

The three issues which Defendant asks that this Court certify for interlocutory appeal are as follows:

(1) whether, when discovery, consisting of the depositions of the named plaintiff and the majority of opt-in plaintiffs and depositions of Defendant's "key material witnesses," have been undertaken prior to conditional certification briefing, a court should apply an intermediate standard of review and consider not only plaintiff(s)' prima facie evidence that a class is similarly situated, but also the contrary evidence put forward by the defendant;

(2) whether the Court's recognition that CPI's "separate and particularized compensation plans for each [of the technician] classifications . . . may indeed pose problems down the road" should have been considered substantively on the question of whether conditional certification is appropriate rather than as simply requiring a redefinition of the class as this Court held; and

(3) whether class manageability issues—including the inclusion of technicians who were paid on both hourly and commission bases and the necessity of individualized week-by-week damages considerations—are appropriate factors in the Court's conditional certification analysis or "more appropriate at the motion to decertify phase" as this Court held.

(Doc. No. 80 at 1-2).  The Court will consider Defendant's first issue below.  The second and third issues, however, have been fully briefed by the parties and resolved previously by this Court, and the Court can see no reason to revisit them again.

A.    Controlling Question of Law

A controlling question of law is "a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes."  Fannin v. CSX Transp., Inc., No. 88-8120, 1989 WL 42583, at *5 (4th Cir. April 26, 1989).  Conversely, a question of law is not controlling if litigation will "necessarily continue regardless of how that question [is] decided."  N.C. ex rel. Howes v. W.R. Peele Sr. Trust, 889 F. Supp. 849, 853 (E.D.N.C. 1995).  Cases which are appropriate for certification under § 1292(b) involve questions of "'pure' law, matters the court of appeals 'can decide quickly and cleanly without having to study the record.'"  McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1258 (11th Cir. 2004) (quoting Ahrenholz v. Bd. of Trustees of the Univ. of Ill., 219 F.3d 674, 677 (7th Cir. 2000)).

Plaintiff argues that conditional certification does not present a controlling question of law because it is a temporary and discretionary decision that is later revisited on a motion to decertify the conditionally certified collective.  (Doc. No. 82 at 6).  Plaintiff offers persuasive case law supporting his argument.  See LaFleur v. Dollar Tree Stores, Inc., No. 2:12-cv-00363, 2013 WL 150722, at *4 (E.D. Va. Jan. 11, 2013); Pereira v. Foot Locker, Inc., No. 07-cv-2157,

2010 WL 300027, at *4 (E.D. Pa. Jan. 25, 2010). In <u>LaFleur</u>, Dollar Tree, like Defendant here, sought interlocutory review of the court's order granting FLSA conditional certification. 2013 WL 150722. Dollar Tree requested certification to seek guidance from the Fourth Circuit regarding "[w]hether the Court is permitted to examine the Defendant's evidence in detail at the conditional certification stage when some discovery has been taken already." <u>Id.</u> at *2. The district court denied the motion outright, stating that "there is no controlling question of law yet at issue given the temporary nature of [the court's] conditional order to certify a collective of [employees]." <u>Id.</u> at *4.

Similarly, in <u>Pereira v. Foot Locker, Inc.</u>, Foot Locker moved for leave to seek interlocutory review of the following two questions: (1) whether, and to what degree, the court should consider a defendant's evidence weighing against a finding that plaintiff and others are "similarly situated" at the first, or conditional, stage of review; and (2) the appropriate standard to be applied in determining whether a plaintiff and others are "similarly situated," where there has been an opportunity for discovery and development of proof on both sides. 2010 WL 300027, at *3. In denying Foot Locker's motion, the court stated:

> Where a court's decision is conditional, and may be altered or amended before decision on the merits, the decision is not a controlling question of law to be reviewed under § 1292(b) . . . . The Court finds that neither issue raised by Defendant is a controlling question of law. The Court's decision to certify the class was conditional. Therefore, the Court in this case will have the opportunity to conduct a review of its decision granting conditional collective certification at the decertification stage. As such, we do not feel that it is appropriate to certify either issue raised by Defendant as one which justifies immediate certification for appeal under Section 1292(b).

<u>Id.</u> at *4. Numerous other cases, as noted by Plaintiff, hold that an order conditionally certifying an FLSA collective is inappropriate for interlocutory review. <u>See, e.g.</u>, <u>Comer v. Wal–Mart</u>

4

Stores, Inc., 454 F.3d 544, 549 (6th Cir. 2006) ("We adopt the approach of the Fifth Circuit. We hold that a conditional order approving notice to prospective co-plaintiffs in a suit under § 216(b) is not appealable."); Craig v. Rite Aid Corp., No. 08-cv-2317, 2010 WL 1994888, at *3 (M.D. Pa. Feb. 4, 2010) (holding that an order granting FLSA conditional certification did not involve a question of law, and denying motion for interlocutory appeal); Ellerd v. Cnty. of L.A., No. CV08-4289, 2009 WL 3462179, at *6 (C.D. Cal. Oct. 22, 2009) ("The Court finds that the requirements for certification of an interlocutory appeal pursuant to 29 U.S.C. 1292(b) are not met here, because the Court applied a clear, "lenient" standard to provisionally certify the collective action, and defendant may move for decertification upon the completion of discovery."); O'Donnell v. Robert Half Int'l, 534 F. Supp. 2d 173, 181 (D. Mass. Jan. 9, 2008) (denying appeal of a denial for conditional certification because it "will not materially advance the resolution of the litigation" and because the order denying conditional certification does not "involve a controlling question of law").

In the absence of controlling Fourth Circuit precedent, this Court is influenced by these persuasive opinions of other courts which have held that conditional certification is not a controlling question of law. Defendant fails to cite any cases, Fourth Circuit or otherwise, in which courts have held that the issue of conditional certification is a controlling question of law.

Finally, Defendant argues that "a more exacting standard of review would likely result in the denial of collective action status and would end this litigation as a practical matter." (Doc. No. 84 at 3). Contrary to this assertion, application of an intermediate standard does not guarantee success for the defendant. Plaintiff may still make out its case for conditional certification. In that event, the underlying resolution is but delayed.

B.     Substantial Ground for Difference of Opinion

The Court recognizes that there are considerable differences of opinion between various district and circuit courts regarding the questions at issue. However, it is not persuaded to grant Defendant's motion for a certification of appealability at this time because there is no controlling question of law yet at issue given the temporary nature of its conditional order to certify a collective of hourly technicians. Defendant will have ample opportunity at the end of discovery to seek decertification of the conditionally certified collective. See LaFleur, 2013 WL 150722, at *4.

C.     Materially Advance Ultimate Termination of Litigation

Finally, the Court is not persuaded that an immediate appeal is likely to promote judicial efficiency. Interlocutory appeal creates the potential for a Rorschach-like inkblot of a case history with appellate review of the conditional question occurring at the same time, or after, the inferior court addresses the ultimate question of certification. Such a scenario creates a potential for confusion and waste of judicial resources. Defendant's representation at oral argument that it would seek a stay of the underlying proceeding while it pursues appeal only exacerbates the delay inherent in interlocutory appeal on these facts.

**IV.    CONCLUSION**

**IT IS, THEREFORE, ORDERED** that Defendant CPI Security Systems, Inc.'s Motion

for Certification of Interlocutory Appeal of Order Granting Conditional Certification, (Doc. No.

79), is **DENIED**.

Signed: July 15, 2013

Robert J. Conrad, Jr.
United States District Judge